# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3694

_____

United States of America,                    *
                                             *
        Appellee,                           *
                                             *   Appeal from the United States
    v.                                       *   District Court for the
                                             *   Western District of Missouri.
Doyle R. Hicks,                              *
                                             *        [UNPUBLISHED]
        Appellant.                          *

_____

Submitted: April 13, 2005
Filed: May 24, 2005

_____

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

On February 4, 2003, police arrested Doyle Ray Hicks at a convenience store on an outstanding warrant. Officers then checked the license plates on a pickup in the parking lot, confirming it was registered to Hicks. In the open pickup bed, officers saw a deer hide – possible contraband because it was not deer season. Looking through a partly open window, the officers saw gun shells and a syringe with a brownish substance (believed to be methamphetamine). Based on these observations, the officers obtained a search warrant. The search revealed two firearms.

The government charged Hicks, a convicted felon, with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hicks moved to suppress, claiming the officers entered the pickup and moved the illegal items into plain sight before the warrant arrived. After the district court[1] denied the motion to suppress, Hicks conditionally pleaded guilty. He now appeals the denial of his motion to suppress. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

On appeal of a motion to suppress, this court reviews de novo the district court's legal conclusions, and factual findings for clear error. *United States v. Anderson*, 339 F.3d 720, 723 (8th Cir.), *cert. denied,* 540 U.S. 1084 (2003). Hicks claims that the illegal items in his pickup were not in plain view, and that the officers reached in or entered the pickup before the search warrant arrived. Hicks argues that the district court's factual findings are clearly erroneous because it overlooked two photographs supporting suppression.

Two officers testified at the suppression hearing that they saw the illegal items in plain view – before requesting the warrant – and entered the pickup only after the warrant arrived. Hicks testified to the contrary that before entering the store, he hid the illegal items. Thus, he claims that the officers could not have seen them unless they entered the pickup before obtaining a warrant. Hicks emphasizes two photographs taken from outside the pickup – one before, and one after the arrival of the warrant. He claims they show items inside the pickup that he testified to purchasing immediately before his arrest, which he could not have placed there.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

The district court viewed the photographs, compared them to the officers' testimony, but found:

> There is nothing credible in the record to contradict the officers' testimony that Officer Lambe did not open the window or door or enter the vehicle with any part of his body before the warrant arrived. There is no evidence to support a claim that the officers invaded the cab of the truck and furtively moved items to render them in plain view.
>
> On the other hand, defendant's story that he knew he had illegal items in his truck, and to hide them, he partially closed the ashtray with a syringe of methamphetamine in it, and somehow covered it up with a blanket, stretches credulity. Defendant, an admitted methamphetamine user who had attempted to use that syringe that day, sorely lacks credibility.

A district court's credibility determinations are entitled to great deference. *United States v. Gregory*, 302 F.3d 805, 811 (8th Cir. 2002). The "decision to credit a witness's testimony over that of another can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir.), *cert. denied*, 516 U.S. 892 (1995).

In this case, the officers' testimony was not internally inconsistent or implausible on its face. The extrinsic evidence, the two photographs Hicks emphasizes, do not contradict the officers' testimony. The officer who took the photographs explained the order in which they were taken, how they were downloaded, and that none was deleted. The photographs do not conclusively show that the officers entered the pickup before the warrant arrived. The only evidence supporting suppression is Hicks's testimony. The district court did not clearly err in this case.

The judgment of the district court is affirmed.

_____